Stewart, J.
The original petition in this case was filed by the defendant in error asking judgment against the plaintiffs in error upon two promissory notes, each in the following form:
*311 “ $2,250.00. ' Columbus, O., Feb’y, 1887.
“On or before 1st October, 1887, I promise to pay to the order of Jacob S. Baldwin twenty-two hundred and fifty dollars, with interest at seven (7) per cent, per annum. Value received.
“ W. P. Harrison,
“Jambs Harrison,
“J. F. Shrontz,
“ Jacob Shrontz.”
The defendants answered, .admitting the execution of the notes, and averring that they were signed by W. P. Harrison as principal, and the others as sureties, and for a first defense alleging that they were executed to the plaintiff and accepted by him to suppress a certain criminal prosecution instituted in the state of Pennsylvania by the plaintiff against W. P. Harrison, and upon plaintiff’s agreement not to prosecute said Harrison, and to dismiss the criminal proceedings. .
And as a second defense, that the notes were wholly without consideration, valuable or otherwise. The reply denies that the notes were without consideration, and avers that they were given in settlement of a civil action which plaintiff had brought against W. P. Harrison; and avers that if any part of the consideration was the settlement of a criminal prosecution, the notes were delivered in Pennsylvania, and by the laws of that state such settlement was lawful. Upon the trial a verdict was found in favor of the plaintiff, and we are asked to reverse the judgment rendered therein, because the verdict was contrary to law and the weight of the evidence, and for errors in the charge.
An examination of the bill of exceptions shows that there is no conflict about any matters of substance, ■ and that the testimony adduced establishes :
1. That these notes were delivered in Pennsylvania, upon a valuable consideration.
*312 2. That a part of the consideration of the notes was the compromise and dismissal of a criminal prosecution theretofore commenced in Pennsylvania against W. P. Harrison.
3. That such compromise and dismissal is lawful by the laws of the state of Pennsylvania.
In the case of Smith v. Frame, 3 C. C. R. 587, this court held that “ a contract is made where it is delivered, and the law of the state where it is made controls in respect to its validity and interpretation,” and we are not disposed to hold otherwise in this case. These notes, then, notwithstanding their consideration, were valid under the laws of Pennsylvania.
1. The nature, validity, interpretation and effect of a contract are determined by the laws of the state or country where made.
2. The law of the place where the suit is brought, the lex fori, regulates the form of the action and the nature and extent of the remedy. That is, it determines (1) the parties who may sue and be sued; (2) the time within which suit may be brought; (3) the form of action, and (4) the nature, effect, and extent of the remedy applied.’ 1 Dan. Neg. Inst., § 882.
3. The laws of a state or country have no extra territorial force, proprio vigore, and are only executed by other states and countries from considerations of courtesy or policy, termed the comity of nations.
4. The laws of a state or country being only executed in another by comity, they will be executed only so far as they may be consistent with religion, good morals and with the public rights and interests of the state or country in which the remedy is sought.
The foregoing principles are laid down in 1 Daniel on Neg. Inst., § 865, and have been recognized from the earliest times as decisive in all cases of contracts. Huberus, 2 Vol., B. 1, Tit. 3, p. 26, as given in 3 Dallas, 370; Story, Conf. of Laws, §§ 18, 20, 23, 31; Wharton, Conf. of Laws, § 401; 4 Cowen, 510.
Notwithstanding all the authorities agree upon the princi *313 pies which should govern in the making and enforcing of contracts, they are not agreed in the application of those principles to particular cases, and this by reason of the fact that the fourth rule above given leaves so much to the discretion of the court in which the action is tried in determining what is against the public rights, etc., of the state. In the case of Fant et al. v. Miller et al., 17 Grattan, 47, the Court of Appeals of Virginia held that a Maryland contract, void by the law of Maryland because not stamped, was enforceable in the courts of Virginia, because to hold otherwise would be injurious to the rights, interests and convenience of the citizens of Virginia.
In the case of Greenwood v. Curtis, 6 Mass. 358, the doctrine is laid down that a contract, made in a foreign place, valid there, and to be there executed, might be enforced in that state though not valid by its laws or prohibited to its citizens. This is also the holding of the court in the case of Smith et al. v. Godfrey, 8 Foster, 379, and Hill v. Spear, 50 N. H. 253.
'While our statute, § 6901, provides a penalty for compromising a criminal prosecution, this is necessarily limited to such acts done in Ohio.
That a state may by legislation nullify contracts made in another state, and that such contracts cannot then be enforced in the tribunals of that state, is laid down in Reinesdyk v. Kane et al., 1 Gallison, 377; Davis v. Bronson, 6 Iowa, 410.
In the absence of such a statute, however, unless the contract sought to be enforced is injurious to the rights of a state or its citizens, or offends public morals, or violates public faith, it ought to have the same validity, interpretation and obligatory force in the lex fori as in the lex looi contractus.
By the decisions in our state this note would be void if executed here. Roll v. Raguet, 4 Ohio, 400; Widoe v. Webb, 20 Ohio St. 431, the compromise of a criminal prosecution being unlawful. Rev. Stats., sec. 6901.
The authorities cited above, 'which are only a few among many to the same effect, show clearly that a contract, valid where made, will not be declared invalid because it contravenes *314 the statute laws of the state where it is sought to be enforced. This then is not decisive of the question.
Tod B. Oalloway and S. O. Lueeoe7c, for plaintiffs.
Fairbanks, Smith & Steele, for defendant.
Is it inconsistent with religion, good morals or with the public rights and interests of this state ? The only claim that can be made to support this is that our Supreme Court in the case of Roll v. Raguet, 4 Ohio, 400, 418, declared that “ any contract, the consideration of which is to conceal a crime or stifle a prosecution, is necessarily repugnant to public policy.” That must be taken to be a statement of the light in which’ such contracts are to be regarded in Ohio, and as the reason why such compromises are forbidden by statute. But it is no more than a declaration that they are against the public policy of this state. Pennsylvania has declared that they are not against the public policy of that state. Who then is to determine what is against general public policy ? One state can not and ought not to insistupon its standard as against a sister state, and its laws are only intended for the control and protection of its citizens. Hill v. Spear, 50 N. H. 253, 274. No law of Ohio had been violated by W. P. Harrison, and in the settlement of that criminal prosecution, the enforcement of its criminal laws was in no way interfered with. It appears that these notes were executed in settlement of all the claims which Baldwin had against Harrison; claims insisted upon on one side and disputed upon the other. But the parties agreed understandingly to this compromise, and no rights of any citizen of this state are injuriously affected by carrying out the terms of this compromise.
The court below charged the jury in accordance with the foregoing principles of law, and their verdict was in accordance with the evidence and the charge of the court. The judgment will be affirmed.